# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAN NORMAN | : | |
| Plaintiff | : | |
| v | : | Civil Action No. DKC-06-3363 |
| FBI, MONTGOMERY COUNTY, CITY OF ROCKVILLE, CHRISTINE J. NORMAN, SARA BUFFY NORMAN, AMY NORMAN and ALBERT NORMAN | : | |
| Defendants | : | |

o0o

# MEMORANDUM

The above-captioned civil rights complaint was filed on December 18, 2006, together with a Motion to Proceed In Forma Pauperis. Because Plaintiff appears to be indigent, the motion will be granted. For the reasons that follow, the

action must be dismissed.

Plaintiff alleges that the FBI is following her and harassing her on a daily basis. Paper No. 1 at p. 3. She claims that every time she goes into a store or other business establishment, the phone rings and the person is told that Plaintiff is crazy, racist and about to go to prison. *Id*. at pp. 3– 12. Plaintiff alleges this has been occurring over a number of years. *Id*. In addition, Plaintiff claims: there is a conspiracy among the remaining named defendants to continually break into her home; that she was raped by her boyfriend in 2004; and that she has been denied access to federal housing based on false allegations that she did not pay her rent. *Id*. As relief Plaintiff seeks the following: identification of the federal agents who are following her so

she can protect herself; appointment of an attorney; copies of all subpeonas or other documents from 1992 to present indicating why she is being investigated; assignment of a federal or state investigator to determine who is stalking her and why; discovery of all websites about Plaintiff which are maintained by her ex-boyfriend; investigation into the 2004 sexual assault by Plaintiff's boyfriend; a hearing before this court to determine why she is being threatened with imprisonment; and reinstatement of her constitutional rights. *Id.* at p. 2.

The claims with respect to the FBI appear to be delusional and subject to dismissal under *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The remaining claims involve conduct of private persons who are not acting on

behalf of the state or federal government. A constitutional claim does not exist absent state action or private conduct fairly attributable to a governmental agency. *See Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).

To the extent that Plaintiff seeks mandamus relief requiring state or federal agencies to investigate her allegations, such relief is not available. In order to be entitled to a writ of mandamus, an individual must establish that an "officer or employee of the United States or any agency" owes him or her a duty. *See* 28 U.S.C. § 1361. Mandamus relief cannot be granted to force discretionary action on the part of a government official. As an alleged crime victim, Ms. Norman has no constitutional right to

insist on criminal prosecution. *See Sattler v. Johnson*, 857 F.2d 224 (4th Cir.1988).

Accordingly the Complaint will be dismissed for failure to state a claim upon which relief may be granted. A separate Order follows.

| | |
|---|---|
|   1/10/2007   |     /s/     |
| Date | DEBORAH K. CHASANOW<br>United States District Judge |